# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**MARK SHERWOOD,**
    **Petitioner,**

**v.**                                  **No. 5:07cv147/MCR/MD**

**WALTER A. MCNEIL,**[1]
    **Respondent.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

      **Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 10) to which petitioner has replied (doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a), that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

---

      [1] **Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d)(1).**

## BACKGROUND AND PROCEDURAL HISTORY[2]

At around 2:30 a.m. on August 12, 1995, a woman was asleep alone in her mobile home when she heard a noise.  She got up to investigate, and discovered a strange man, later identified as petitioner, in another bedroom holding her radio under his arm.  The man told her to return to her bedroom and no one would get hurt.  However, he followed her to the bedroom and a fight ensued.  The victim put up quite a struggle, and the fight ended when both she and the petitioner crashed through a window in the bedroom and landed on the ground outside.  At that point a neighbor yelled something, and petitioner fled.  The victim was cut severely by window glass, and more than one hundred stitches were required to close her wounds (doc. 10, ex. H, pp. 37-51).[3]  Later investigation uncovered petitioner's automobile in a ditch near the crime scene, and his cellular telephone and watch were found in the victim's bedroom.

In April 1996 petitioner was charged in a two count information in the Circuit Court of Bay County, Florida with (1) burglary of a dwelling and (2) attempted sexual battery.  The jury found him guilty of burglary and aggravated battery (a lesser

---

[2]  The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution.  Where there are conflicting inferences and disputes exist, this court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Martin v. State of Alabama*, 730 F.2d 721,724 (11th Cir. 1984).  Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented to the jury plays a part in the court's analysis.

[3]  Hereafter all references to exhibits will be to doc. 10 unless otherwise noted. The court also notes that the record in this case is a compilation of numerous volumes created over years of hearings and appeals.  Therefore, the numbering of pages do not follow chronologically.  When referring to an exhibit and the specific page, and where the page has more than one number on it, the court will reference the Bates number if there is one.  If there is no Bates number, the court will reference the number at the bottom center of the page.

The clerk has divided the state court record (exhibits to doc. 10) into five expandable file folders.  All state court proceedings from the time this court remanded to the state court for resentencing, which are the proceedings subject to the instant federal habeas case, are contained in fifth and sixth expandable files, which are marked ZZ  – HHH and III - SSS, respectively.  The exhibits most directly relevant to this proceeding are at DDD through HHH.  The first four files and most of the fifth contain background, which is briefly outlined here.

included offense of attempted sexual battery), both of which are second degree felonies.  Petitioner was determined to be an habitual felony offender, which caused the penalties for his offenses to increase from maximum fifteen-year sentences to maximum thirty-year recidivist sentences.  Petitioner was sentenced to twenty-five years on each count, concurrent.  After appropriate motions and appeals in the state courts, petitioner filed a petition for habeas corpus relief in this court.  *See Sherwood v. Crosby*, case no. 5:00cv226/SPM.  The petition was denied.

The Eleventh Circuit reversed based on its finding of ineffective assistance of counsel due to counsel's failure to object to the state trial court instructing the jury on aggravated battery as a lesser included offense of attempted sexual battery.  The court held that the only proper lesser included offense for which petitioner could have legally been convicted, based on the specific wording of the information, was battery, a misdemeanor.  The case was therefore remanded to this court for further proceedings consistent with that court's opinion.  *Sherwood v. Crosby*, 87 Fed. Appx. 712 (11th Cir. 2003) (unpublished opinion).  On remand, this court vacated the state conviction for aggravated battery and remanded the case to the state court for resentencing, *Sherwood v. Crosby*, case no. 5:00cv226/SPM (N. D. Fla. 2003).

Back in the state court, and after a great deal of motion practice not relevant here, a sentencing hearing was held before a state circuit judge, Hon. Don Sirmons, who was not the original trial and sentencing judge.  The discussion at the hearing involved two issues.  First, petitioner's counsel argued that petitioner should be resentenced on count one, the burglary count, because the vacation of count two would impact the sentence in count one.  Counsel contended that the jury clearly acquitted petitioner of attempted sexual battery, and under the facts and the language of the information, the most he could have been convicted of on count two was misdemeanor battery.  Therefore, the sentence for burglary would likely have been less than 25 years, and petitioner should be sentenced *de novo*.  The state argued that vacation of count two had no effect on count one, and urged that

petitioner not be resentenced on the burglary count.  The second issue argued at the hearing, which is not relevant here, went to whether petitioner was properly habitualized under Florida law.[4]  Judge Sirmons vacated petitioner's conviction for aggravated battery, and declined, over petitioner's protest, to resentence him on the burglary count (ex. EEE, p. 776-77).  A written order was entered that simply "vacated count two, aggravated battery, based on the ruling by the U. S. District Court, Northern Division [sic]. . . ."  (Ex. EEE, p. 790).

Petitioner objected to having been resentenced by a successor judge when the judge who sentenced him originally was available.  After additional legal wrangling, petitioner appeared before the original trial and sentencing judge, Hon. Glenn Hess, on May 31, 2005.  Petitioner's counsel argued at length based on state law that petitioner had not been habitualized properly on the burglary count, but the court disagreed (ex. HHH, pp. 61-72).  Petitioner also argued that he should be resentenced on the burglary conviction because, in his view, the federal court's remand order required resentencing on both counts.  Judge Hess disagreed, stating that there were two different convictions with two different sentences, and vacating one did not affect the validity of the other (ex. HHH, p. 73).  Judge Hess therefore adopted the order earlier entered by Judge Sirmons which vacated the aggravated battery count (ex, HHH, pp. 70-71).  Petitioner appealed to the Florida First District Court of Appeal, which affirmed without opinion.  *Sherwood v. State*, 930 So.2d 626 (Fla. 1st DCA 2006) (table).  This habeas case followed.

### STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

---

[4]  Petitioner argued, based on a Florida appellate court decision, that the prior felony that qualified him for habitualization was entered the same day as the sentence in the current case, and habitualization was therefore improper.  Petitioner does not argue his Florida law-based claim here, although he does contest his habitualization in a different context, discussed below.

the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[5]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

---

[5] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> **Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); *Ramdass v. Angelone*, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by Parker v. Head*, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer*, 538 U.S. at 73 (quoting *Williams*, 529 U.S. at 405–06).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting *Williams*, 529 U.S. at 405–06).  If the State court decision is found in either respect to be

contrary, the district court must independently consider the merits of the petitioner's claim.

      If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).  The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." *Williams*, 529 U.S. at 410–12.

      Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g. Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); *Jones v. Walker*, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti v. Quarterman*, --- U.S. --- 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); *Jones*, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## PETITIONER'S GROUNDS FOR RELIEF

1.      <u>Refusal to resentence on Count One.</u>

<u>State Court Decision</u>

Plaintiff contended in the state courts that he was entitled to resentencing on his burglary conviction, based on this court's remand order, as well as on due

process grounds.  The state court refused, holding that vacating the aggravated battery conviction had no effect on the burglary charge, and there was no reason to address it.

### Federal Review of State Court Decision

The first ground for petitioner's claim on the resentencing issue invokes the order from this court, which ordered the Circuit Court of Bay County to "resentence accordingly."  (Ex. GGG, p-p. 31-32).  In order to address this claim, it is necessary to explore the meaning, in context, of the word "accordingly."  The district court's order was very short.  It was entitled "ORDER VACATING CONVICTION."  It stated that "[i]n accordance with the Mandate" by the Eleventh Circuit, "[t]he petition for writ of habeas corpus is granted as to Petitioner's conviction for aggravated battery[,]" the conviction "is vacated[,]" and the state court "shall resentence Petitioner accordingly."  (*Id*).  Nowhere did the district court address the burglary count.  The order required that resentencing be in accordance with the vacated conviction, the only matter before the court.  It did not say that the petitioner should be resentenced on count one.  This was consistent with the mandate of the Eleventh Circuit, which did not vacate or otherwise make any holding impacting petitioner's burglary conviction.  It simply reversed and remanded "for further proceedings consistent with [its] opinion[,]" and said nothing about resentencing.  The district court acted consistent with the appellate court's mandate by vacating the aggravated battery charge and ordering the state court to sentence petitioner "accordingly."  This can only be read as instructing the state court to treat the aggravated battery sentence in accordance with the vacated conviction.  Stated another way, the federal court told the state court to sentence petitioner in accordance with Florida law in light of his vacated sentence.  The undersigned therefore concludes that this court's remand order did not require the state court to resentence petitioner on the burglary count.

Moreover, if, as petitioner argues, the state court violated state law in not

resentencing petitioner on the burglary count, this court cannot intercede, because federal habeas relief is available to correct only constitutional injury.  28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).  In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair."  *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Estelle*, 502 U.S. at 352, 110 S.Ct. 668.

In addition to his state law claim to the right to be resentenced, petitioner attempts to create a constitutional claim of denial of due process. He argues that due process required resentencing because it is likely that in determining the appropriate sentence for the burglary, the original sentencing judge took into account the fact that petitioner was found guilty of aggravated battery, a conviction that has now been vacated. The state court must, he argues, look at the burglary conviction through the lens of an acquittal of both attempted sexual battery and aggravated battery. The due process part of petitioner's argument cannot succeed here for two reasons. First, he did not present the matter to the state courts as a federal constitutional claim. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[6] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[6] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the State; or

(B) (i)  there is an absence of available State corrective process; or

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the

federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[7]  The Supreme Court explained,"[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that  "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.  With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor
> indeed for petitioners seeking to establish exhaustion.  However, we

---

[7] The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[8]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[9] However, after *Duncan*, the Eleventh Circuit has taken a more restrictive approach. For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution. 345 F.3d 1300,

---

[8] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

[9] *See, e.g., Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

1307 (11th Cir. 2003).  The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5.  The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us."  *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.*  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> **a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.**

*Id.*

Here, petitioner's argument to the state court during resentencing was grounded on his claim that this court's remand order required resentencing.  There was no claim that due process, federal or otherwise, required it.  In his appeal of the trial court's order denying resentencing petitioner claimed a due process violation, but did not present it to the state appellate court as a federal claim.  Rather, he argued that due process under Florida law required resentencing, citing three Florida cases, but no federal law, and did not claim that his federal constitutional right to due process had been denied (ex. MMM, pp. 11-12).  Now it is too late for him to return to the state courts to raise a federal claim, so his claim is procedurally defaulted.   He has not suggested any official impediment as cause for his failure to present a federal claim, and he has not presented the kind of new relevant evidence of innocence not presented at trial that would justify making a miscarriage of justice exception, as in *Schlup, supra.*

Even if petitioner were not defaulted on his due process claim, the second reason the claim fails is lack of merit.  There is no federal due process requirement for a sentencing court to ignore facts involved in a crime, even if there was an acquittal.  Petitioner relies on *Doty v. State*, 884 So.2d  547 (Fla. 4th DCA 2004) which held that it is a violation of due process for the sentencing court to rely on conduct of which a defendant was acquitted, citing *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed.2d 1609 (1948).   Regardless of how the Florida court interpreted *Townsend*, that case is factually distinguishable from this case.  In *Townsend* a habeas petition was granted because the state court imposed sentence based in part on three *previous* crimes that appeared on the defendant's rap sheet, but of

which he had been acquitted. The Supreme Court reasoned that either the state had submitted inaccurate information or the sentencing court had misinterpreted the information received, and that the uncounseled defendant had no way of effectively preventing the court from "proceeding on such false assumptions" which were "materially untrue." 334 U.S. at 740, 68 S.Ct. at 1255. The court emphasized that it was not ruling in the defendant's favor because the sentence was severe. Rather, it found that the sentencing violated due process because of the "careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide . . . ." 334 U.S. at 741, 68 S.Ct. at 1255.

*Townsend* was a case of limited application based on its particular facts and the materially false information upon which the sentencing court relied. *Townsend* did not affect sentencing courts' long-recognized ability to consider material factors in a defendant's life in fashioning a sentence, an ability that was reaffirmed by the Supreme Court in *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 137 L.Ed.2d 554 (1997). There the Court rejected the very argument that petitioner makes here. It reaffirmed that a sentencing court can consider past criminal behavior that did not result in a conviction, and that it was "'well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted.'" 519 U.S. at 152, 117 S.Ct. at 635 (quoting *United States v. Donelson*, 695 F.2d 583, 590 (D.C. Cir. 1982)).

Petitioner offers no other justification for his due process claim beyond the fact that the aggravated battery count was vacated. However, the conviction for aggravated battery was vacated because of a faulty charging document. The fact remains that petitioner was not factually acquitted of the charge, because the jury found him guilty of aggravated battery. While this finding was legally unsupported due to an omission in the charging document, it was factually supported by the

victim's unchallenged testimony.[10]  Petitioner's speculation that the sentencing court would have imposed a lesser sentence based on the fact that the aggravated battery conviction was vacated is just that, speculation.  Given the testimony of the victim at trial, the original sentencing court was well within its rights to consider the unrebutted evidence of what happened during the robbery.  *Watts, supra*.  There is therefore no reason, factually or legally, to believe that if petitioner were resentenced, the result would have been any different.

Petitioner makes one additional point that is factually incorrect.  He argues that Judge Hess concluded that he did not have the *authority* to resentence petitioner on the burglary count regardless of the federal courts' holdings (doc. 1, p. 7).  That is not what Judge Hess found.  A careful reading of the resentencing transcript shows that Judge Hess knew he was to vacate the aggravated battery count.  He did so by adopting Judge Sirmons' earlier order (ex. HHH, pp. 71-72).  He then addressed petitioner's second claim, discussed in section 2 below, that the burglary sentence was allegedly illegal because of a Florida procedural error.  He found that the sentence was not illegal.  Petitioner then reverted to his original claim that the federal court order required resentencing on the burglary count, and that, according to federal law, when one count was vacated, the court had to resentence on the remaining count (ex. HHH, p. 72-73).  Judge Hess disagreed, and refused to reconsider the burglary count.  After further argument by petitioner, Judge Hess allowed him ten days to file a motion for rehearing, and "[i]f you have the authority to say that the entire sentence is out the window, you're back here for *de novo* sentencing."  (Ex. HHH, pp74-74).

Petitioner's argument takes the judge's comment on "authority" completely out of context.  First, Judge Hess found that the burglary sentence had not been affected by the federal courts' rulings, and would not be changed.  In other words,

---

[10]  Petitioner did not testify, and there were no other witnesses to what happened inside the victim's home.

he found that he was not *required* to sentence *de novo*, but he gave petitioner time to come up with *authority* - meaning legal precedent - to the contrary.  Petitioner's authority was *Doty, supra*, which, as discussed above, did not provide the *requirement* petitioner urged.

The federal court's remand order did not require resentencing on count one, petitioner's due process claim is procedurally defaulted, and in either event, there was no violation of due process in the state court's refusal to resentence petitioner on the burglary charge.  Therefore, whether reviewed *de novo* or under the more deferential standard of 28 U.S.C. § 2254(d)(1) and *Williams, supra*, petitioner is not entitled to federal habeas relief, and the writ should not issue.

     2.   <u>Due process violation for habitualizing on burglary count</u>.

For his second ground for relief, petitioner contends that his 1996 sentence for burglary was unconstitutional based recent United States Supreme Court decisions.  He argues that under federal authority the sentencing court could properly find that there had been the requisite number of prior convictions to support habitualization, but that the temporal element - that one of the prior convictions occurred within five years of the current crime - had to be submitted to a jury and found beyond a reasonable doubt.

<u>State Court Decision</u>

In July 2005 petitioner filed a motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800 (ex. LLL, pp. 80-88).  He argued that his constitutional rights had been violated in 1996 when he was habitualized.  His contention was that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) and its progeny prohibited his habitualization unless the fact of his prior qualifying felonies, and the dates of those felonies, were contained in the information and presented to the jury for a finding on when the felonies occurred.  The trial court summarily denied the motion on August 17, 2005 (ex. LLL, p. 104), and the appellate court affirmed without opinion.  *Sherwood v. State*, 930 So.2d  626 (Fla. 1st DCA 2006)

**(Table).**

### Federal Review of State Court Decision

In the seminal case of *Apprendi v. New Jersey*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."). The thrust of petitioner's claim here is that the jury should have been tasked with finding whether his last qualifying felony conviction occurred within five years of the burglary offense. Petitioner does not deny that the requisite felonies existed, only that the temporal aspect - whether the last qualifying felony conviction was entered within five years of the current offense - should have been a jury question.

Florida's habitual felony offender statute, Fla. Stat. § 775.084 (1)(a) and (4)(a) (1995), allowed the court to sentence a defendant to up to 30 years imprisonment if (1) the defendant had previously been convicted of two or more felonies, and (2) the felony for which sentence was being imposed occurred either (a) while the defendant was in prison or on supervision, or (b) within five years of conviction of one of the prior qualifying felonies or within five years of release from prison or supervision. Here petitioner effectively concedes everything except the five-year qualifier, which he says must be found by a jury.

There are two reasons this claim fails. The first involves the matter of retroactivity. Petitioner says he is not asking this court to apply *Apprendi* retroactively because he "was sentenced for purposes of this claim on May 31, 2005[,]" which post-dated *Apprendi* (doc. 15, p. 5). This is obviously incorrect, not

least because petitioner correctly argues in his first ground for relief here that he was not resentenced at all.  On May 31, 2005 Judge Hess adopted Judge Sirmons' earlier order vacating count two and specifically declined to resentence petitioner on count one.  Petitioner was originally sentenced on count one on April 10, 1996 (ex. A, pp. 180-81) and the conviction and sentence became final in 1997.  He first raised the *Apprendi* issue by filing a motion to correct illegal sentence in 2005, but was unsuccessful.  Contrary to petitioner's argument, the Rule 3.800 motion and the court's ruling on it did not alter or amend the 1996 judgment and sentence.  Consequently, the *Apprendi* line of cases is relevant only if those cases can be applied retroactively to 1996.

The Eleventh Circuit has held that *Apprendi* and its progeny, *Blakely v. Washington*,[11] and *United States v. Booker*,[12] do not apply retroactively on collateral review.  *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001) (holding that Supreme Court's *Apprendi* decision is not retroactively applicable on collateral review); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005) (holding that Supreme Court's *Blakely* and *Booker* decisions do not apply retroactively to cases on collateral review).  The Supreme Court decided *Apprendi* on June 26, 2000, decided *Blakely* on June 24, 2004, and decided *Booker* on January 12, 2005.  Petitioner was sentenced on the burglary count in 1996.  Therefore, *McCoy* and *Varela* foreclose relief on collateral review, and petitioner's claim that the jury should have ruled on the date of the qualifying conviction need not be addressed.

The second reason that petitioner is not entitled to relief on this claim, if it were to be addressed, is that it is wholly without merit.  Petitioner concedes that the sentencing court could find that a qualifying prior felony existed, but argues that only a jury could find when it occurred.  Beyond being fanciful, this argument is

---

[11] *Blakely v. Washington*,  542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[12] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

illogical.  The fact of the prior conviction is a matter of official record, and a certified copy of the qualifying judgment was introduced in evidence without objection to its authenticity.  *See* Ex. A, pp. 180-81.  The judgment and sentence for the earlier qualifying felony was entered February 15, 1995 (*id.*).  The burglary that is the subject of this proceeding occurred on August 12, 1995 according to the unchallenged testimony at trial.  It would be legally impossible for a jury to find that the qualifying felony conviction was entered on any date other than what appears on the official record.

Petitioner offers no authority for his argument other than a concurring opinion by Justice Thomas in *Shepard v. United States*, 544 U.S. 13, 26-29, 125 S.Ct. 1254, 1263-64, 161 L.Ed.2d  205 (2005).  In *Shepard* the Court held that in sentencing a defendant under the federal Armed Career Criminal Act, a court cannot look to such sources as police reports or criminal complaint applications in determining whether, in that case, a prior felony was of a specific type.  Rather, the court must be limited to official records, such as the statutory definition of the crime, the charging document, the written plea agreement, the transcript of the plea colloquy, and any explicit fact finding by the judge.  In other words, the official record controls, not collateral evidence.  Justice Thomas concurred in the judgment, but argued that *Apprendi* and its progeny eroded the logic and force of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d  607 (1990), which allowed a sentencing court to look at statutory elements, charging documents, and jury instructions in determining the specific type of prior felony had been committed, and of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d  350 (1998), which authorized a sentencing judge to determine the character of a prior felony in applying an appropriate sentence for an illegal alien who had re-entered the United States and then committed a violent felony.  Justice Thomas felt that all such determinations should now be submitted to a jury.

The obvious and fatal flaw in petitioner's argument is that a concurring

opinion is not "clearly established Federal law, as determined by the Supreme Court of the United States."   28 U.S.C.A. § 2254(d).   Moreover, even Justice Thomas' reasoning does not apply to the issue presented here.   A judicial determination of whether a particular crime is a violent felony (*Almendarez-Torres*), or whether it is a generic burglary or some other kind of burglary (*Taylor*), involves weighing issues that can be factually driven and subject to interpretation.   Here, the deciding factor is simply a date.   The date on which something occurred is the date on which it occurred, and so long as the date is officially memorialized, as it was in the instant case, submitting the "question" of what date an earlier conviction was imposed would be a meaningless exercise.   Even Justice Thomas' concurring opinion does not go so far as to suggest that anything as hard and fast as an officially recorded date is subject to factual interpretation.

The foregoing demonstrates that petitioner's claim is wholly without merit. The state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1); *Williams, supra*.   Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Mark Sherwood*, in the Circuit Court of Bay County, Florida, case number 95-1886, be DENIED and the clerk be directed to close the file.

**At Pensacola, Florida this 28th day of October, 2008.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).